UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JERMAINE BROOKS (#2011-0407064) ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> VICTOR THOMAS, et al., ) <br> ) <br> Defendants. ) | No. 13 C 5285 <br><br> Judge James B. Zagel |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Jermaine Brooks, presently a pre-trial detainee in custody at the Cook County Jail (hereinafter, "CCJ"), has brought this *pro se* civil rights action pursuant to the Civil Rights Act, 42 U.S.C. § 1983. In his complaint, Plaintiff alleges that he has been subjected to deprivation of his procedural due process rights because his commissary purchases, telephone calls, and visitation are being restricted arbitrarily and without a hearing and deprivation of his right to equal protection. Plaintiff names as Defendants Superintendent Victor Thomas, CCJ Director Michael Miller, and Commander Frank Arce.

Presently before the Court is Defendants' motion for judgment on the pleadings [#29]. For the reasons contained in this opinion and order, Defendants' motion is granted in part and denied in part.

**I. Legal Standard**

A Rule 12(c) motion for judgment on the pleadings permits a party to move for judgment after both the plaintiff's complaint and the defendant's answer have been filed. Fed. R. Civ. P. 12(c); *Moss v. Martin*, 473 F.3d 694, 698 (7th Cir. 2007). In ruling on a motion for judgment on the pleadings, the Court must "accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff." *Forseth v. Vill. of Sussex*, 199 F.3d 363,

364 (7th Cir. 2000). But the Court "need not ignore facts set forth in the complaint that undermine the plaintiff's claim or give weight to unsupported conclusions of law." *Buchanan-Moore v. Cnty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009).

A court decides a motion for judgment on the pleadings under Rule 12(c) based upon a review of the pleadings alone. *N. Ind. Gun & Outdoor Shows, Inc.*, 163 F.3d 449, 452 (7th Cir. 1998). The pleadings include the complaint, the answer, and any written instruments attached as exhibits, such as affidavits, letters, contracts, and loan documentation. *Id.* at 452-53; Additionally, "documents attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to his claim." *Wright v. Assoc. Ins. Cos., Inc.*, 29 F.3d 1244, 1248 (7th Cir. 1994). Courts also may take judicial notice of appropriate materials, such as "documents that are critical to the complaint and referred to in it," *Geinosky v. City of Chi.*, 675 F.3d 743, 745 n.1 (7th Cir. 2012), and certain matters of public record. *See, e.g., Pickett v. Sheridan Health Ctr.*, 664 F.3d 632, 638 (7th Cir. 2011). If a court considers any materials outside this narrow universe, the court must convert the motion for judgment on the pleadings into a motion for summary judgment and allow all parties a reasonable opportunity to present all the materials pertinent to such a motion. Fed. R. Civ. P. 12(d); *see also Rutherford v. Judge & Dolph Ltd.*, 707 F.3d 710, 2013 U.S. App. LEXIS 2407, 2013 WL 411358, at *2 (7th Cir. Feb. 4, 2013).

As a general rule, "[a] complaint that invokes a recognized legal theory... and contains plausible allegations on the material issues... cannot be dismissed under Rule 12." *Richards v. Mitcheff*, 696 F.3d 635, 638 (7th Cir. 2012) (*citing Erickson v. Pardus*, 551 U.S. 89 (2007)). But "a complaint that alleges an impenetrable defense to what would otherwise be a good claim should be dismissed (on proper motion) under Rule 12(c)." *Id.* at 637. In other words, dismissal under Rule 12(c) is proper when a plaintiff's allegations "show that there is an airtight defense

[such that he] has pleaded himself out of court," *id.*, or, more generally, "if it appears beyond doubt that the plaintiff cannot prove any facts that would support his claim for relief." *Hayes v. City of Chi.*, 670 F.3d 810, 813 (7th Cir. 2012) (quoting *Thomas v. Guardsmark, Inc.*, 381 F.3d 701, 704 (7th Cir. 2004)); *see also Edgenet, Inc. v. Home Depot U.S.A., Inc.*, 658 F.3d 662, 665 (7th Cir. 2011) ("When the complaint itself contains everything needed to show that the defendant must prevail on an affirmative defense, then the court can resolve the suit on the pleadings under Rule 12(c).").

Dismissal also is proper under Rule 12(c) when a movant has demonstrated that the complaint fails to state a claim upon which relief can be granted. See Fed. R. Civ. P. 12(h)(2)(B); *Alioto v. Town of Lisbon*, 651 F.3d 715, 718 (7th Cir. 2012). To make that assessment, the Court uses the more familiar Rule 12(b)(6) standard. *See McMillan v. Collection Professionals, Inc.*, 455 F.3d 754, 757 n.1 (7th Cir. 2006). Thus, for a complaint to survive, its factual allegations must be sufficient to raise the possibility of relief above the "speculative level," assuming that all of the allegations in the complaint are true. *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007)). "A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (*quoting Twombly*, 550 U.S. at 555). "Where the well-settled pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged but it has not 'show[n]' 'that the pleader is entitled to relief.'" *Id*. For a claim to be plausible, the plaintiff must put forth enough "facts to raise a reasonable expectation that discovery will reveal evidence" supporting the plaintiff's allegations. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).

Although "[s]pecific facts are not necessary [–] the statement need only give the defendant fair notice of what the… claim is and the grounds upon which it rests," *Erickson*, 551 U.S. at 93 (2007) (*citing Twombly*, 550 U.S. at 555) (ellipsis in original) – "at some point the factual detail in a complaint may be so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8." *Brooks*, 578 F.3d at 581 (*quoting Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007)). The Court reads the complaint and assesses its plausibility as a whole. *See Atkins v. City of Chi.*, 631 F.3d 823, 832 (7th Cir. 2011); cf. *Scott v. City of Chi.*, 195 F.3d 950, 952 (7th Cir. 1999) ("Whether a complaint provides notice, however, is determined by looking at the complaint as a whole.").

## II. BACKGROUND

Plaintiff alleges the following facts in his complaint and his response to Defendants' motion, which are accepted as true for purposes of the motion for judgment on the pleadings. Sometime at the end of January of 2013, Plaintiff was transferred into Division 9 at the CCJ. Division 9 is where detainees go when on administrative confinement which means that Plaintiff lived under heightened restrictions. Defendant Thomas was the superintendent of Division 9 and enforced the restrictions on Plaintiff. The restrictions Plaintiff complains of include limitation to one five minute phone call per week, limitation of purchases in the commissary to hygiene items and no food, and limitation of visits to immediate family, only.

Plaintiff contends that these limitations were placed on him without notice, an opportunity to be heard and call witnesses, and written findings. Plaintiff alleges that the restrictions placed on him constitute an atypical and significant hardship and that they violate his right to procedural due process. Plaintiff further alleges that the restrictions on him were not

4

applied to other detainees at the CCJ in the same way they were applied to him. He alleges that he was treated differently than the other ten thousand detainees at the CCJ.

### III. ANALYSIS

#### A. Plaintiff has No Liberty or Property Right to Unlimited Telephone Use or Commissary Purchases.

Procedural protections of the Due Process Clause are only triggered if state action implicates a constitutionally protected interest in life, liberty, or property. *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 570-71 (1972). Placement in disciplinary segregation does not implicate a liberty interest unless it poses an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484-86 (1995); *Townsend v. Fuchs*, 522 F.3d 765, 771 (7th Cir. 2008).

Here, Plaintiff specifically pleads that he was in administrative segregation, he was limited to one five-minute phone call per week, and he had commissary restrictions. These allegations do not constitute an "atypical and significant hardship" in relation to Plaintiff's ordinary incidents of prison life, *see Sandin*, 515 U.S. at 486 (30 days in segregation in conditions that mirrored conditions for inmates in administrative segregation and protective custody); *Lekas v. Briley*, 405 F.3d 602, 612 (7th Cir. 2005) (90 days in segregation during which prisoner was unable to participate in prison programs, lost wages, denied visitation, telephone and commissary privileges). Administrative detention of pretrial detainees is constitutionally permissible. No due process is required if the inmate is placed in segregation "not as punishment but for managerial reasons." *Higgs v. Carver*, 286 F.3d 437, 438 (7th Cir. 2002); *Bell v. Wolfish*, 441 U.S. 520, 538-39, 99 S. Ct. 1861, 60 L. Ed. 2d 447 (1979).

Because prisons and jails provide for the basic necessities of living for its inmates, the Plaintiff has no protected property or liberty interest in commissary privileges. *See Robinson v.*

*Illinois State Correctional Center (Stateville) Warden,* 890 F. Supp. 715, 718 (N.D. Ill. 1995); *see also Tokar v. Armontrout,* 97 F.3d 1078, 1083 (8th Cir. 1996); *Bennett v. Sheahan,* No. 99-2270, 1999 U.S. Dist. LEXIS 16339, 1999 WL 967534, *4 (N.D. Ill. 1999) (Holderman, J.). Additionally, Plaintiff pleads that while his telephone usage is limited, he is allowed a five-minute phone call per week to family. The courts in the Seventh Circuit have consistently upheld such restrictions. *Bowens v. Cook County Jail,* Case No. 12 C 8005, 2012 U.S. Dist. LEXIS 183078, *5 (N.D. Ill. December 28, 2012) (Coleman, J.); *citing Thomas v. Ramos,* 130 F.3d 754, 761 (7th Cir. 1997). Accordingly, Plaintiff has no liberty or property interest in commissary privileges or in unrestricted telephone use, as he contends.

Plaintiff bases his allegations that his rights were violated are based largely on his contention that Defendants failed to follow administrative regulations and department rules. However, such violations do not constitute a violation of his right to due process because procedures set forth in administrative regulations do not create substantive liberty interests; therefore, the procedural protections of due process do not attach. Violations of administrative regulations do not give rise to constitutional claims pursuant to Section 1983. *See Thompson v. City of Chicago,* 472 F.3d 444, 454 (7th Cir. 2006) (violation of department procedure or state law is immaterial to whether actions violated federal constitutional right); *Stringer v. Lane,* 89 C 7030, 1992 U.S. Dist. LEXIS 3112, 1992 WL 59101, at * 8 (N.D. Ill. March 16, 1992) (Alesia, J.) (violation of department rule requiring hearing on disciplinary charge within 8 days is not actionable under Section 1983).

Because, in general, prisoners have no due process liberty interest in visitation, commissary, and telephone privileges, *See DeWalt v. Carter,* 224 F.3d 607, 613 (7th Cir. 2000); *Thomas,* 130 F.3d at 762 n.8 (7th Cir. 1997); *Franklin v. Godinez,* No. 07 C 5752, 2010 U.S. Dist. LEXIS 81810, 2010 WL 3210696, at *4 (N.D. Ill. Aug. 12, 2010) (citing *Martin v. Tyson,*

845 F.2d 1451, 1458 (7th Cir. 1988)) Defendants' motion is granted with regard to Plaintiff's due process claims regarding commissary and telephone privileges.

**B.   While it is Unclear whether Plaintiff has a Liberty Interest in Visitation, He has Pled Himself out of Court.**

Plaintiff also alleges that his procedural due process rights have been violated with respect to visitation. The due process clause of the Fourteenth Amendment does not require unrestricted visitation. *Mejia v. Carmin*, Case No. 03 C 3009, 2004 U.S. Dist. LEXIS 2301, *7, (N.D. Ill. February 12, 2004) (Conlon, J.) Prison officials enjoy broad discretion in controlling visitor access to prisoners.

Plaintiff's claim rests on a premise that a prisoner has a liberty interest in visitation. The Seventh Circuit has not expressly determined whether a prisoner has a liberty interest that encompasses a limited right to make or receive prison visits involving family members, but the Court has noted that a liberty interest is "conceivable." *Arsberry v. Illinois*, 244 F.3d 558, 565 (7th Cir. 2001), *citing Mayo v. Lane*, 867 F.2d 374, 375-76 (7th Cir. 1989); *Overton v. Bazzetta*, 539 U.S. 126, 137 (2003) (suggesting visitation restrictions applied in arbitrary manner may be unconstitutional); *Townsend v. Snyder*, 2002 U.S. Dist. LEXIS 20544, No. 01 C 9925, 2002 WL 31415711, at *2-3 (N.D. Ill. Oct. 23, 2002) (correctional officers cannot arbitrarily or discriminatorily impose restrictions on visitation privileges).

Certainly, prisoners retain their First Amendment right to correspond and communicate with their loved ones. *Massey v. Wheeler*, 221 F.3d 1030, 1035 (7th Cir. 2000), *citing Thornburgh v. Abbott*, 490 U.S. 401, 409 (1989). However, Plaintiff pleads in his complaint, generally, that his visitation rights have been limited. Then he pleads in his response to Defendants' motion that he is permitted visits with his immediate family. (*see* Plaintiff's response, p 10.) The restriction to immediate family is the only restriction pleaded by Plaintiff.

Aside from his assertion of a legal conclusion that the visitation restriction is an "atypical hardship" he states no facts supporting such a claim, rather he pleads that he is allowed visitation with immediate family. Accordingly, Plaintiff has pled himself out of court with respect to his claim of due process violation because of limitation on his visitation privileges because his affirmative pleading establishes no plausible claim for arbitrary denial of his right to visitation. *See Hayes*, 670 F.3d at 813. Defendants' motion is granted on Plaintiff's claim regarding visitation restrictions.

### C. Read Liberally, Plaintiff's Complaint may State a Claim for Equal Protection Violation.

While the Court has found that Plaintiff has no liberty or property interest in his commissary and telephone claims, and that he has pled himself out of court on his visitation claims, he may have stated a claim for violation of his right to equal protection. Plaintiff's equal protection claim alleges that Defendants instituted the restrictions to his commissary, telephone, and visitation privileges arbitrarily, and in doing so treated him differently that the ten thousand other detainees housed at the CCJ.

Plaintiff appears to be attempting to state a "class of one" equal protection claim. Unlike a traditional equal protection claim, "[a] class-of-one claim need not allege discrimination based on a suspect classification, but must allege that the plaintiff was singled out arbitrarily, without rational basis, for unfair treatment." *Abcarian v. McDonald*, 617 F.3d 931, 938 (7th Cir. 2010); *see also United States v. Moore*, 543 F.3d 891, 896 (7th Cir. 2008) (same). Like other equal protection plaintiffs, a class-of-one plaintiff must show that he was "intentionally treated differently from others similarly situated." *McDonald v. Vill. of Winnetka*, 371 F.3d 992, 1001 (7th Cir. 2004).

The class-of-one standard in this circuit is in flux. *Marcelle v. Brown County Corp.*, 680 F.3d 887, 891-92 (7th Cir. 2012). However, the courts have consistently held that a class-of-one plaintiff "must show that he was intentionally treated differently from other similarly situated individuals and that there was no rational basis for this difference in treatment" *Thayer v. Chiczewski*, 697 F.3d 514 (7th Cir. 2012); *Jordan v. Cockroft*, 2012 U.S. App. LEXIS 15859, 2012 WL 3104876, at *2 (7th Cir. Aug. 1, 2012) (holding, post-*Del Marcelle*, that "[a]n equal-protection claim brought by a 'class of one' can succeed only if the plaintiff proves that he has been intentionally treated differently from others similarly situated and that there is no rational basis for the different treatment").

Upon initial review, the Court found that Plaintiff stated a claim for violation of his right to procedural due process. *See* ECF #4. Defendants, for the first time, in their reply argue that Plaintiff has failed to state a claim for equal protection violation. In Plaintiff's complaint he alleges that with respect to commissary, telephone and visitation privileges, he is being treated differently that the other "10,000 plus" pre-trial detainees at the CCJ. Plaintiff pleads that he is in Division 9, the administrative segregation unit at the CCJ. Read liberally, the population of Division 9 is included within the ten thousand plus detainees held within the CCJ. Thus, it is possible Plaintiff may state a claim for "class-of-one" equal protection violation.

While the Court has found that Plaintiff's procedural due process claims fail, the liberty/property interest requirement for procedural due process claims does not apply to a claim for equal protection violation. *DeWalt v. Carter*, 224 F.3d 607, 613 (7th Cir. 2000); *citing Sandin*, 515 U.S. at 487 n.11; *Higgason v. Farley*, 83 F.3d 807, 810 (7th Cir. 1996) (per curiam). For example, if prison officials were to allocate T.V. time, visitation privileges, prison jobs, or any of the other privileges prisoners enjoy, on an otherwise illegal or discriminatory basis, their actions would be unconstitutional even though such privileges do not constitute liberty or

property interests. *See, e.g., Babcock v. White*, 102 F.3d 267, 274-75 (7th Cir. 1996) (retaliatory transfer); *Black v. Lane*, 824 F.2d 561, 562 (7th Cir. 1987) (racial discrimination with respect to prison job).

It appears that Plaintiff may be able to state a plausible claim for "class-of-one" equal protection violation. Thus, while Defendants' motion is granted with respect to Plaintiff's allegations of procedural due process violation, this case is not dismissed. Plaintiff is given leave to amend his complaint to focus on his equal protection claim. Plaintiff is warned that, as stated in this opinion, the standard on a "class-of-one" equal protection claim is high, and is in flux. *See Marcelle*, 680 F.3d 887 at 891-92.

Additionally, to satisfy the "similarly situated" component of his "class-of-one" claim, Plaintiff must establish that he and the Division 9 detainees were "prima facie identical in all relevant respects," *Purze v. Vill. of Winthrop Harbor*, 286 F.3d 452, 455-56 (7th Cir. 2002), or "directly comparable ... in all material respects," *Ajayi v. Aramark Bus. Servs., Inc.*, 336 F.3d 520, 532 (7th Cir. 2003) (internal quotation marks omitted). Thus, Plaintiff should only submit a proposed amended complaint to the extent he believes he can ultimately meet this standard and in compliance with his obligations as a litigant under Fed. R. Civ. P. 11.

## IV. CONCLUSION

For the foregoing reasons, Defendants' motion for judgment on the pleadings [#29] is granted in part and denied in part. Defendants' motion is granted with respect to Plaintiff's procedural due process claims. However, it is denied with respect to any "class-of-one" equal protection claim. Plaintiff is given leave to amend his complaint with respect to his equal protection claim keeping in mind the concerns raised in this opinion and order. The Clerk is ordered to send Plaintiff an amended complaint form and instructions for submitting documents to the Court. Plaintiff shall submit his proposed amended complaint within 30 days

of the date of this order. If Plaintiff fails to submit a proposed amended complaint as ordered, this case will be dismissed under the understanding that Plaintiff is no longer interested in pursuing this action.

Dated: JULY 15, 2014

James B. Zagel
United States District Court Judge