UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JERMAINE BROOKS, | ) | |
| | ) | |
| Plaintiff, | ) | 13 C 5285 |
| | ) | |
| vs. | ) | Honorable Judge |
| | ) | James B. Zagel |
| VICTOR THOMAS, Supt. of CCDOC, | ) | |
| MICHAEL MILLER, Director of CCDOC, | ) | Magistrate Judge Schenkier |
| FRANK ARCE, Adm. Commander CCDOC Div. 9, | ) | |
| individually and in their official capacities, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' REPLY TO PLAINTIFF'S MEMORANDUM IN OPPOSITION
TO DEFENDANTS' MOTION TO DISMISS**

NOW COME Defendants, Victor Thomas, Michael Miller and Frank Arce, by and through their Attorney, ANITA ALVAREZ, State's Attorney of Cook County and one of her assistants, Nicholas E. Cummings, and submits this Reply to Plaintiff's Memorandum in Opposition to Defendants' Motion to Dismiss (hereafter "Plaintiff's Memorandum") as follows:

**ARGUMENT**

Plaintiff's Amended Complaint fails to properly state a "class-of-one" Equal Protection Claim. As stated in Defendant's Motion to Dismiss, Plaintiff fails to show he was intentionally treated differently than the other detainees in Administrative Confinement of Division 9 of the Cook County Department of Corrections (hereafter "CCDOC") or that if he was treated differently, that such treatment was not rationally related to some penological interest. Plaintiff's Memorandum contradicts claims in Plaintiff's Amended Complaint. In Plaintiff's Amended Complaint, Plaintiff alleges he was "not treated the same as the other pretrial detainees that was

1

in the same administrative confinement unit, status and max level as Plaintiff Brooks." Dkt. 39, ¶ 5. Plaintiff's Amended Complaint goes on to allege, "…other detainees was allowed to get visitation without being deprived punished." *Id*. However, in Plaintiff's Memorandum, Plaintiff details and distinguishes the differences between the conditions of confinement he suffered and other those suffered by other detainees. According to Plaintiff's Memorandum, Plaintiff was housed on Tier 1-F of Division 9 of CCDOC. Dkt. 47, p. 5. Plaintiff's Memorandum goes on to detail the differences between the restrictions on Tier 1-F versus the lack of restrictions on Tier 1-E. *Id*. Thus, as argued in Defendants' Motion to Dismiss (hereafter "Defendants' Motion"), the restrictions Plaintiff complains of were not limited to him, but applied to all detainees on Tier 1-F of Division 9. *See* Dkt. 45, p. 5. As this Court's order of July 15 stated, "Plaintiff must establish that he and the Division 9 detainees were 'prima facie identical in all relevant respects…'or 'directly comparable…in all material respects." Dkt. 38, p. 10 (citations omitted).

Plaintiff's Memorandum makes clear that detainees housed on Tier 1-F of Division 9 are not "prima facie identical in all relevant respects…or directly comparable in all material respects" from other detainees housed in other areas of Division 9. Additionally, Plaintiffs Memorandum makes clear that all detainees on Tier 1-F of Division 9 suffer the same restrictions. Dkt. 47, p. 5-6. Such a difference in classification with regard to housing is constitutional. *See Hammer v. Ashcroft* 570 F.3d 798, 800 (7th Cir. 2009) ("[I]t is hard to understand why all prisoners should be treated the same. Some are in minimum security prisons and others in more secure confinement; no one thinks these differences unconstitutional"). There is nothing in either Plaintiff's Amended Complaint or Plaintiff's Memorandum that shows Plaintiff was subjected to any restrictions that were different from anyone else housed on the same tier in which he was housed. Consequently Plaintiff cannot prove any set of facts to show

2

he was intentionally treated differently from others similarly situated. Therefore, Plaintiff's Amended Complaint should be dismissed. *See Travel All Over the World v. Kingdom of Saudi Arabia*, 73 F.3d 1423, 1429-1430 (7th Cir. 1996) ("[Granting 12(b)(6) motion] is proper only where it appears beyond a doubt that the plaintiff s can prove no set of facts in support of their claims that would entitle them to relief.")

Furthermore, the Court should disregard Plaintiff's Memorandum as it seeks to amend Plaintiff's Amended Complaint by alleging new facts and introduces additional documents not previously part of the record. For the first time, Plaintiff's Memorandum alleges the crux of his Equal Protection claim is that he should have been moved from Tier 1-F to Tier 1-E after 30 days, but was not. Dkt. 47, p. 6. Additionally, Plaintiff alleges for the first time the basis for his remaining on Tier 1-F was retaliation by Defendant Thomas. Dkt. 47, p. 9. (Compare Plaintiff's Amended Complaint, Dkt. 39, ¶ 15, alleging phone use restriction was part of retaliation, with Plaintiff's Memorandum, Dkt. 47, p. 9, alleging remaining on Tier 1-F with greater restrictions was the retaliation). Rather than assert facts in support of Plaintiff's Equal Protection claim, Plaintiff apparently asserts a new Due Process Claim concerning his continued confinement on Tier 1-F of Division 9. Dkt. 47, p. 4. It is well settled a plaintiff cannot amend his pleadings in a memorandum in opposition to dismiss. *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Walgreen Co.*, 631 F.3d 436, 448 (7th Cir. 2011); see also *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984) (a "complaint may not be amended by the briefs in opposition to a motion to dismiss"). Accordingly, any claims contained in Plaintiff's Memorandum that do not serve to elaborate on or support claims in Plaintiff's Amended Complaint should be disregarded by the Court.

## CONCLUSION

WHEREFORE, Defendants Victor Thomas, Michael Miller and Frank Arce, for all the foregoing reasons, respectfully requests this Honorable Court to grant Defendant's Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and dismiss Plaintiff's Amended Complaint with prejudice, and any other relief this Court deems appropriate.

Respectfully submitted,

ANITA ALVAREZ
State's Attorney of Cook County

*/s/ Nicholas E. Cummings*
Nicholas E. Cummings
Assistant State's Attorney
Torts/Civil Rights Litigation Section
500 Richard J. Daley Center
Chicago, IL 60602
(312) 603-6638
Nicholas.cummings@cookcountyil.gov